UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO.  18-CR-10068-RWZ |
| | ) | |
| | ) | |
| ROBERTO PORTILLO | ) | |

DEFENDANT'S SENTENCING MEMORANDUM

Mr. Roberto Portillo comes before this Court charged with a one count indictment charging him with a violation of 18 U.S.C. § 922(g)(5) – Alien in Possession of a Firearm.[1] For reasons that will follow, we ask this Court to sentence him to a prison term of 12 months and 1 day.

This sentence is consistent with the factors set forth in 18 U.S.C. § 3553(a) and will result in a sentence that is sufficient, but not greater than necessary, to effectuate the purposes of sentencing.  United States v. Kimbrough, 128 S.Ct. 558 (2007); United States v. Booker, 125 S.Ct. 738 (2005); United States v. Martin, 520 F.3d 87 (1st Cir. 2008); United States v. Rodriguez, 527 F.3d 221 (1st Cir. 2008).

---

[1] We object to the categorization of Mr. Portillo, or any other person, as an "alien" or as "illegal" and use these terms only in-so-far as they are technical terms included in the statute and indictment. Neither Mr. Portillo, nor any other person, is "illegal" or an "alien."
https://www.sfchronicle.com/opinion/article/Justice-s-use-of-term-illegal-alien-sends-12792667.php and
https://www-m.cnn.com/2012/07/05/opinion/garcia-illegal-immigrants/index.html?r=https%3A%2F%2Fwww.google.com%2Furl%3Fsa%3Dt%26rct%3Dj%26q%3D%26esrc%3Ds%26source%3Dweb%26cd%3D12%26ved%3D2ahUKEwjhzNynq9HdAhXtlOAKHSzjCRA4ChAWMAF6BAgJEAE%26url%3Dhttps%253A%252F%252Fwww.cnn.com%252F2012%252F07%252F05%252Fopinion%252Fgarcia-illegal-immigrants%252Findex.html%26usg%3DAOvVaw1zGhCLobSB6VA-vvS9BB9J&rm=1

Personal Circumstances

Mr. Portillo's family in El Salvador has struggled to make ends meet, living on their subsistence farm where he began working at the age of 10. PSR ¶ 38. It is quite remarkable that Mr. Portillo would describe to the probation department that all of his basic needs were met. We have no doubt that he said this truthfully and with sincerity. It speaks to the drastic differences between an American childhood and a Salvadoran childhood. Would we in the United States consider a child's basic needs to be met if the home had no running water, no electricity, and the child had to stop schooling before he reached high school? The reality is that Mr. Portillo's basic needs were not met, and likely will never be met in his home country. He left behind his entire family to come to the United States to try to find work and to escape the violence in El Salvador. PSR ¶¶ 42-44; 39.

While in the United States, he has been consistently employed; he has worked as a dishwasher, at a fish market, in a bakery, a cleaning company and as a plasterer. PSR ¶¶ 57-62. These are not glamorous jobs – he worked hard and did everything he could to send money back to El Salvador.

Immigration Consequences

We believe a downward departure is appropriate for Mr. Portillo because the immigration issues attendant to his case have increased his guideline range and will prolong his detention.

After this matter is concluded, Mr. Portillo will not be released. He will transfer in to immigration detention, enter into immigration proceedings, and will likely be deported. We ask the Court to consider a departure because of this extended detention he will face.[2]

However, his immigration status also has the consequence of increasing his guideline range. The reason he is a "prohibited person" pursuant to 2k2.1(a)(6)(A) is because he does not have status in the United States. Without the application of this enhancement, his base offense level would have been 12, not 14, and his overall guideline range would have been 12-18 months, not 18-24 months.

Even taking in to consideration our requested departure to the Guideline Range, the Guidelines are not the sole, nor even the first among the factors that Congress has commanded the courts to apply in section 3553(a). The Court "may not presume that the Guidelines range is reasonable" and must "make an individualized assessment based on the facts presented." *Gall v. United States*, 128 S.Ct. 586, 596 (2007). Indeed, "the Guidelines are only one of the factors to consider . . . and 3553(a) directs the judge to consider sentences other than imprisonment." *Id.* at 602 (emphasis added). The Supreme Court later emphasized again that the "Guidelines are not only <u>not mandatory</u> on sentencing courts; they are also not to be <u>presumed</u> reasonable." *Nelson v. United States*, 129 S.Ct. 890, 892 (2009) (emphasis in original).

The First Circuit elaborated on the meaning and breadth of the so-called parsimony principle in *United States v. Yonathan Rodriguez*, 527 F.3d 221 (1st Cir. 2008). In *Rodriguez*, the First Circuit stressed that the Supreme Court ruling in *Kimbrough* requires a "more holistic inquiry" and that "section 3553(a) is more than a

---

[2] The time in immigration custody the Defendant will face may be considered in determining appropriate sentence. <u>United States v. Cisneros</u>, No. 02-CR-10044-DPW.

3

laundry list of discrete sentencing factors; it is, rather, a tapestry of factors, through which runs the thread of an overarching principle." *Id*. at 228.  That overarching principle is to "impose a sentence sufficient but not greater than necessary." *Id*.  In reaching a decision on what constitutes an appropriate sentence, the district court should "consider all the relevant factors" and "construct a sentence that is <u>minimally sufficient</u> to achieve the broad goals of sentencing." *Id.* (emphasis added).

<u>Conclusion</u>

Mr. Portillo's personal circumstances, the nature and circumstances of this offense, his minimal involvement with the Court system and the continuing nature of his detention into the immigration proceedings, warrant a sentence of 12 months and 1 day.

*/s/ Jessica Thrall*
Jessica Thrall,
 B.B.O.: 670412
Assistant Federal Public Defender
Federal Defender Office
51 Sleeper Street, 5th Floor
Boston, MA  02210
Tel: 617-223-8061

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on September 26, 2018.

*/s/ Jessica Thrall*
Jessica Thrall